STATE, JAMES A. SPEER ET AL., PROSECUTORS, v. THE ESSEX PUBLIC ROAD BOARD.

The transfer by a turnpike company of the franchise of their turnpike to the Essex public road board conferred no special benefit upon the adjacent land-owner for which an assessment can be made against him.

On *certiorari* to review report of appraisers of damages for Bloomfield avenue.

Argued at November Term, 1884, before Justices VAN SYCKEL and KNAPP.

For the defendant, *J. W. Taylor*.

For the plaintiff, *F. W. Stevens*.

The opinion of the court was delivered by

VAN SYCKEL, J.   The writ in this case brings up the report of appraisers of damages for Bloomfield avenue, awarding $22,000 to the Newark and Pompton Turnpike Company as compensation for the franchise of their turnpike from the Newark city line to Morris county line, and apportioning $7515.64 as the share to be paid by Caldwell township.

It also certifies for review the revised assessment of February 6th, 1872, against the relators for the special benefits alleged to accrue to them by reason of the transfer of the said franchise to the Essex public road board.

The act of 1874, (*Pamph. L., p.* 389,) as amended by the act of 1875, (*Pamph. L., p.* 421,) provides that writs of *certiorari* shall be brought within two months after ratification of the assessors' report.

The writ in this case was not prosecuted until August, 1884, and therefore the plaintiff, by his laches, has lost his

remedy, unless the assessment is wholly without authority and void.

If any benefit could have been conferred upon the relators by the transfer of the turnpike franchise from the turnpike company to the road board, the judgment of the assessors cannot be disturbed.

Section 16 of the supplement of·1870 to the Road Board act, (*Pamph. L., p.* 181,) empowers the said board to purchase or take (compensation being first made) any turnpike road in said county, or such part thereof as may be necessary, and the damages sustained by the taking shall be ascertained as is directed in case of taking lands, and the compensation paid the turnpike company shall be assessed upon lands peculiarly benefited.

Under this provision the franchise of the turnpike company was condemned by the Essex public road board, and the turnpike company awarded $22,000 therefor.

This case turns upon the question whether there can be, in legal contemplation, any special benefit conferred upon the adjacent land-owners by such transfer of the turnpike franchise. If not, the legislative act, in the respect that it authorizes an assessment against the relators for supposed benefits, is unconstitutional and void.

In *Carter* v. *Wright*, 3 *Dutcher* 76, which was an action of ejectment, Chief Justice Green held that the land was subject to the same easement after the turnpike company took it as before, it having been a laid-out road; that, therefore, the land-owner suffered no damage, so far as the change in the title to the franchise of the road was concerned. Nothing was taken from him that he had before the transfer.

In the Court of Errors the view of the court below was concurred in, although the judgment was reversed on another point. See *State* v. *Laverack*, 5 *Vroom* 207.

In delivering the opinion of the Supreme Court, Chief Justice Green said : " The title of the soil is not changed ; it remains, as it was before, in the owner of the adjoining soil. He has precisely the same right to and control over the

soil that he had before the passage of the act. The land was subject to the easement or right of way before the passage of the act, and continues subject to the same burthen still. It cannot, therefore, be said that the property of the plaintiff was, by virtue of the act, taken for public use without just compensation; nothing was, in fact, taken from the plaintiff. As before the passage of the act, so after, the title to the soil remained in the plaintiff, the right of way in the public. All that the legislature granted to the turnpike company was the easement of the use of the ancient highway for the purposes of their road."

So, in this case, the easement, after its acquisition by the Essex public road board, did not lose its identity, or in any wise change its character. It was neither diminished nor enlarged in its extent, and it constituted no additional burden or servitude. If, therefore, the easement remains the same in the ownership of the road board, and no damage by such change falls upon the land-owner, how can any benefit accrue to the land-owner by the transfer? If some benefit could accrue by reason of abolishing tolls in this case, then in Wright v. Carter some damage might have ensued to the land-owner by the conversion of the public way from a free to a toll road.

If the extinguishment of the right to toll is a benefit to be assessed, then the grant of a right to take toll must be a damage for which the land-owner is entitled to compensation. Such right in the land-owner was expressly denied in Wright v. Carter.

The condemnation of the franchise by the road board is not an improvement of the highway. Until work or reparation is done upon it, it in no respect undergoes improvement. It simply vests the franchise in a new owner, so that improvements may be projected and carried out, if desired.

The legislature may authorize an assessment against land-owners for benefits conferred by taking land not before constituting a road-bed, because by such taking the advantage of a highway not before in esse is acquired. But here the ease-

ment was enjoyed as fully before the condemnation as afterwards.

The right to assess for the mere transfer of the franchise is one thing; the right to assess for improving it is another and very different thing. The latter right is not controverted.

If there is any possible benefit to the relators in this case, there must have been a possible damage in Wright v. Carter; in which event it must have been submitted to a jury. But the court, in that case, held, as matter of law, that there could be no resulting damage to the land-owner.

If the right to take toll has been extinguished by the transfer of the franchise to the road board, the cost of repairing must be provided by tax, to which the relators must contribute. The tax will stand in the place of the toll, and the change from one burden to the other will constitute no basis for an imposition upon the relators, according to the views expressed in the case cited.

The legislative grant, in section 16, of the right to assess damages for the mere transfer of the franchise, is an authority to lay a burden where no possible benefit can accrue, and is to this extent unconstitutional and void. It sanctions the taking of private property for public use without compensation. In such case the prescribed limitation of the time within which a writ of *certiorari* must be sued out is inoperative. *Traphagen* v. *West Hoboken*, 10 *Vroom* 232; *State* v. *Elizabeth*, 12 *Vroom* 152; *Kirkpatrick* v. *Commissioners*, 13 *Vroom* 510; *Culver* v. *Jersey City*, 16 *Vroom* 256.

The assessments for benefits based upon the mere transfer of the turnpike franchise to the road board, should be set aside.